CITY OF KETTERING *v.* BAKER.

[Cite as Kettering v. Baker (1973), 34 Ohio Misc. 7.]

(No. 3962-72—Decided January 26, 1973.)

Kettering Municipal Court.

*Mr. John F. Blake,* prosecuting attorney, for plaintiff.

*Mr. Raymond A. White,* for defendant.

BERGER, J.   This matter comes before the court on a motion of the defendant to dismiss the prosecution against him for violating Section 333.01 of the Codified Ordinance of the City of Kettering, Ohio, pertaining to operating a motor vehicle on the streets of such city while under the influence of alcoholic beverages.   The alleged facts are that the defendant was observed by a Kettering police officer at 3:20 a. m. operating his motor vehicle on East Stroop Road between Shroyer Road and Marshal Road, in the city of Kettering, county of Montgomery, state of Ohio,

and that as he traveled between those two streets he constantly crossed between the two eastbound lanes; and, in fact, as the police officer drove along side the defendant, the defendant switched from the right to the left lane and caused the officer to drive his cruiser the wrong way in the westbound lanes to avoid colliding with the defendant. The defendant then returned to the right lane and then the officer followed him further and the defendant nearly caused an accident by changing lanes and forcing another automobile to also travel east in the westbound lanes of Stroop Road. The officer was finally able to stop the defendant at Marshal Road, and, after performing certain physical dexterity tests and making other personal observations of the defendant, the defendant was taken to the Montgomery County Jail where he was incarcerated until approximately 9:00 a. m. on October 14, 1972, at which time he was brought before the Kettering Municipal Court for arraignment. At no time did the arresting officer ever ask the defendant to take any chemical tests or to submit to any type of blood alcohol analysis; and the issue now before this court is whether this failure to offer these tests, or to advise the defendant of his right to have his own physician or other qualified person administer blood alcohol tests, was a violation of his constitutional rights or a violation of the provisions of the Ohio Revised Code.

It is the opinion of this court that R. C. 4511.19 prohibits the operation of a motor vehicle while under the influence of alcohol, narcotic drugs, etc., but that there is nothing else in that Section of the Revised Code which is either of a prohibitive or mandatory nature. By amendment dated January 1, 1968, the Legislature expanded what was formerly a one sentence statute to permit a court to admit evidence of blood alcohol concentrations at a trial for violation of this section, but the language used is *only permissive* and *not directive*. The Legislature merely said that courts "may admit" evidence of the blood alcohol content and that if this evidence is admitted certain presumptions either do or do not exist.

The case of *State* v. *McDonald*, 25 Ohio App. 2d 6,

cited by defense counsel says that if the prosecution attempts to use the results of a blood alcohol test as evidence in a case it is a condition precedent to the admission of this evidence that the defendant must be advised that he has the right to have his own physician perform like or similar tests. We can find no law that absolutely requires the defendant to be informed of his right to private tests. The first three words of the last paragraph of R. C. 4511.19 clearly say that only "The person tested" shall be advised of his right to this private test, and we must, therefore, conclude that if he is not tested by the police department there is no need to advise him of his rights to other tests.

We come next to the argument that the defendant is denied a presumption that he was not under the influence of alcohol if his blood alcohol content was less than five hundredths (.05) of one percent (1%); but this argument holds no merit when there is no test, because the prosecution does not have the presumption given to its case in paragraph B of the statute and the defendant cannot have the presumption given to it by paragraph C, and the only presumption existing is that of total innocence with which all defendants enter their trial in a criminal prosecution.

Further, this court finds, on the issue of denial of due process, that the Supreme Court of Idaho, in rejecting a defendant's contention that the state had deprived him of due process of law by failing to administer a blood test to determine intoxication, said: "The right to due process of law does not include the right to be given a blood test in all circumstances. To hold otherwise would be to transform the accused's right to due process into a power to compel the state to gather in the accused's behalf what might be exculpatory evidence. The state may not suppress evidence, but it need not gather evidence for the accused." *State* v. *Reyna*, 92 Idaho 669, 448 P. 2d 762.

Thus, in the opinion of this court, the defendant is not deprived of any benefit whatsoever or any rights granted by due process of law because of the police department's failure to give him a blood alcohol test.

It is noteworthy that in defending cases of this nature counsel have almost always, without exception, cited the decision of *Missouri* v. *Corsiglia* (Mo. 1968), 435 S. W. 2d 430, as authority to suppress breathalyzer test results because of the volume versus weight issue. When the police department ceased to give tests on the breathalyzer because of these objections, defense counsel complained because the tests had been stopped.

Thus, it is apparent that counsel would have the court interpret the law only for the benefit of the defendant whether the police department gives the test or whether it does not. To hold this to be the law would be to make the apprehension and prosecution of persons for driving under the influence of alcohol an impossibility.

This court's attention is further called to R. C. 4511.191 which it is alleged supports the defendant's right to blood alcohol tests. But a careful review of that section fails to disclose any mandate that a test of any kind be given. That section, in the opinion of this court, merely says that if a defendant arrested for driving an automobile while under the influence of alcohol is requested to take certain tests he shall be deemed to have impliedly consented to take that test at the time that he started to operate his motor vehicle upon a public highway in this state and that his refusal to carry out that consent shall result in the elimination of his driving privileges within the state for a period of six months. Again, the police department is only given certain rules to follow, if a test is offered, and the driver is told of the consequences of refusing to take the test offered. Nowhere is the test made mandatory.

For the foregoing reasons, this court is of the opinion that the failure of the police officer to administer any blood alcohol tests to the defendant did not deprive him of any rights whatsoever, did not affect his ability to have a fair and impartial trial, did not violate any requirements of statutory law, did not violate any Supreme Court interpretations of these laws, and therefore does not cause the dismissal of this action from further prosecution.

*Judgment accordingly.*