CITY OF KETTERING, APPELLEE, *v.* BAKER, APPELLANT

[Cite as Kettering v. Baker (1974),
40 Ohio App. 2d 566.]

(No. 4312—Decided March 15, 1974.)

*Mr. John F. Blake*, prosecuting attorney, for appellee.
*Messrs. White & Holden*, for appellant.

WHITESIDE, J.[a] This is an appeal from the Kettering Municipal Court from defendant's conviction upon a

[a] The writer of the opinion concurs only in the first paragraph of the syllabus.

charge of operating a motor vehicle while under the influence of alcohol.

The evidence consisted of testimony that defendant drove his automobile erratically, that the police officers observed an odor of alcohol about defendant, that defendant failed to perform the finger-to-nose and heel-to-toe tests properly, and that defendant admitted having been to a party and consuming some alcoholic beverages. No chemical tests were given, and the officers were not asked for an express opinion as to whether defendant was under the influence of alcohol. Defendant appeals and raises three assignments of error as follows:

"I. The failure to give chemical tests or a blood alcohol test was a denial of due process or in the alternative, O. R. C. Section 4511.19 and 4511.191, are discriminatory and therefore unconstitutional.

"II. In the alternative, the trial court in permitting hearsay testimony as to Judge Berger's alleged belief as to the credibility of breathalyzer evidence was prejudicial and as such denied defendant a fair trial.

"III. In the alternative, defendant contends his motion to dismiss should have been sustained by the trial court because the city of Kettering failed to establish sufficient evidence of guilt to justify said case from going to the jury."

With respect to the first assignment of error, a pretrial motion to dismiss upon the same grounds was overruled by the trial court by a decision reported in *Kettering* v. *Baker* (1973), 34 Ohio Misc. 7. Defendant contends: (1) That R. C. 4511.191 places a mandatory duty upon a police officer to administer a chemical test to a person arrested for the offense of driving while under the influence of alcohol, and (2) that if such test is not given, the charge against the person arrested for such offense must be dismissed.

R. C. 4511.191(A) provides, as follows:

"Any person who operates a motor vehicle upon the public highways in this state shall be deemed to have given consent to a chemical test or tests of his blood, breath, or

urine for the purpose of determining the alcoholic content of his blood if arrested for the offense of driving while under the influence of alcohol. The test or tests shall be administered at the direction of a police officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways in this state while under the influence of alcohol. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered.''

The language of the section is mandatory. It provides that the test ''shall be administered,'' and that the law enforcement agency ''shall designate'' the type of test which ''shall be administered.'' Likewise, R. C. 4511.191 (C) and (D) imply that a test must be given in all instances unless there is a refusal to take the test. It is only in R. C. 4511.191(B), with respect to dead or unconscious persons and others incapable of refusing, that the discretionary language ''tests may be administered'' is used.

Accordingly, we conclude that R. C. 4511.191 is mandatory, and a chemical test of the blood, breath, or urine must be administered in every instance where a person is arrested for driving under the influence of alcohol unless such person refuses to take the test or is dead, unconscious, or otherwise incapable of refusing. However, this does not necessarily mean that if the police officer fails to perform such duty, the charge against the arrested person must be dismissed.

We know of no exclusionary rule that would be applicable. There is nothing in either R. C. 4511.191 or R. C. 4511.19 which would preclude other competent evidence from being admitted to prove that the arrested person, not administered a chemical test, was driving while under the influence of alcohol. Cf. *State* v. *Myers* (1971), 26 Ohio St. 2d 190. Likewise, we find nothing in the statutes which precludes prosecution for the offense of driving while under the influence of alcohol if the required chemical test is not given. In the absence of an express statutory provision, we find no basis to hold that the failure of a police officer to perform the duty imposed upon him by R. C. 4511.-

191 precludes prosecution of a person arrested for driving while under the influence of alcohol.

Here, no constitutional or statutory right of defendant was violated by the failure to administer the test. Rather, the police officer failed to perform a statutory duty imposed upon him for the protection of the traveling public. *State v. Starnes* (1970), 21 Ohio St. 2d 38. Even where the constitutional right to be free of unreasonable searches is infringed upon, prosecution is not precluded, but, rather, the illegally obtained evidence is excluded. There is much less reason to preclude prosecution where a police officer has failed to perform the duty imposed by R. C. 4511.191. The first assignment of error is not well taken.

The second assignment of error is also not well taken. While it was erroneous to permit the police officer to testify as to the attitude of a judge toward the use of a breathalyzer, especially where the case was tried before a different judge, such error was not prejudicial. If a proper foundation is laid, the results of a breathalyzer test are admissible in evidence. Here, no test was given. There was no test to be evaluated by the jury. Accordingly, the opinion of another judge as to the reliability of the breathalyzer test was irrelevant.

By the third assignment of error, defendant contends that the evidence was not sufficient to permit the jury to find that defendant was under the influence of alcohol. There was evidence of defendant's manner of driving, of the odor of an alcoholic beverage on defendant's breath and inside his automobile, of defendant's admission that he had been to a party and had been drinking, and of the manner of defendant's performing the finger-to-nose and heel-to-toe tests.

Defendant contends that because the police officers did not express an opinion as to whether defendant was under the influence of alcohol, the evidence was insufficient. However, on cross-examination, officer Woolf testified he had never found a person free from the influence of alcohol who had difficulty in performing the finger-to-nose test, although he stated there could be physical factors which

would prevent a person from doing so. The officer similarly testified as to the heel-to-toe tests. There was no evidence that there was any reason why defendant should have difficulty in performing the tests.

From an examination of the entire record, we conclude that there was sufficient evidence to permit the jury to find that defendant was driving while under the influence of alcohol.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Kettering Municipal Court will be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur in the judgment and syllabus only.

CRAWFORD, P. J., and SHERER, J., concurring in the judgment.

We concur in the decision affirming the judgment of the Kettering Municipal Court, but we disagree with that part of Judge Whiteside's opinion which holds that R. C. 4511.191 requires a police officer to administer a chemical test of the blood, breath or urine of every person arrested for driving a motor vehicle while under the influence of alcohol unless such person refuses to take the test or is dead, unconscious, or otherwise incapable of refusing. The second sentence of that section merely designates who is authorized to give the test, if one is given. It does not require that the police officer so designated shall give a test in every case. Our view that the giving of the test is not mandatory adds support to the conclusion that the first assignment of error is not well taken.

Hence, we reach the same conclusion as did Judge Whiteside, that the judgment should be affirmed.

WHITESIDE, J., of the Tenth Appellate District, sitting by designation in the Second Appellate District.