The State of Ohio, Appellee, *v.* Urrego, Appellant.

(No. 474—Decided May 14, 1974.)

*Mr. George Burkhart*, prosecuting attorney, for appellee.

*Mr. Richard A. Yoss*, for appellant.

Lynch, P. J. Defendant is appealing his conviction in County Court for operating a motor vehicle while under the influence of alcohol, in violation of R. C. 4511.19.

Defendant's first assignment of error states that it was prejudicial error for the trial court to refuse to direct a verdict or judgment of acquittal where the evidence was as consistent with innocence as guilt.

The evidence revealed that defendant was involved in a motor vehicle accident on June 12, 1973, after 2 A. M., on state route 7, approximately three and eight tenths miles south of Clarington. Donald Young, the driver of the other motor vehicle, testified that that accident occurred at

approximately 2 A. M. A state highway patrolman testified that the accident occurred at 2:40 A. M. The patrolman, accompanied by an auxiliary patrolman, arrived at the scene of the accident at 3:52 A. M. After the patrolman took measurements, checked the scene of the accident and interviewed the drivers of both vehicles, defendant was taken to the Monroe County Sheriff's Office.

The evidence further revealed that from the time of the accident until the state highway patrolman arrived, defendant was asleep on the hood of his car while the motor was running. Four persons who saw him after the accident testified that, in their opinions, defendant was under the influence of alcohol. They testified that he had the smell of alcohol on his breath, staggered when he walked, and his speech was confused. Defendant admitted drinking two beers before the accident.

We find that the evidence in this case was more than sufficient to support the judgment. Therefore, we overrule defendant's first assignment of error.

Defendant's second assignment of error contends that a defendant in a driving under the influence case is deprived of his rights under the United States and Ohio Constitutions where the state conducts no chemical or coordination tests and where the defendant requests that a chemical test be administered.

Defendant testified that he requested the state highway patrolman to perform a test on him at the place of the accident and at the police station, but the patrolman refused to give him any test. The patrolman testified that he did not recall that defendant requested any test.

No chemical tests of any kind were given to the defendant by the state highway patrolman because of the following stated reasons: "Due to the time element involved. Pass the two hour limitation."

The trial court found that the patrolman had no opportunity, or a very limited opportunity to secure a test within two hours. We find that the facts in this case support the finding of the trial court. We feel that this alone disposes of this assignment of error. However, even if de-

fendant had requested a breathalyzer test within two hours of the accident in this case, we hold that the failure of a police officer, upon the request of a person arrested for the offense of driving while under the influence of alcohol in violation of R. C. 4511.19, to administer either a breathalyzer test or a blood alcohol test does not deprive such person of any constitutional or statutory right. Specifically, it does not deprive such person of due process of law. The state may not suppress evidence, but it need not gather evidence for the accused. *Kettering* v. *Baker*, 34 Ohio Misc. 7; *State* v. *Reyna*, 92 Idaho 669, 448 P. 2d 762; *In re Martin*, 58 Cal. 2d 509, 374 P. 2d 801.

We find defendant's second assignment of error to be without merit.

*Judgment affirmed.*

DONOFRIO and O'NEILL, JJ., concur.