### No. C-613

### The People of the State of Colorado v. Loren Eugene Culp

(537 P.2d 746)

Decided June 23, 1975.

Stuart A. Van Meveren, District Attorney, Loren B. Schall, Assistant, for petitioner.

No appearance for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

On June 29, 1973 the defendant Culp was charged in the county court with committing the misdemeanor crimes of driving a vehicle while under the influence of intoxicating liquor (hereinafter referred to as "D.U.I.") in violation of 1969 Perm. Supp., C.R.S. 1963, 13-5-30(1) (a),[1] failure to drive in a single lane (weaving), no proof of license when proof required, and driving a vehicle without a valid driver's license. The defendant filed a motion to dismiss the D.U.I. charge. He alleged that he was not advised of his rights under 1971 Perm. Supp., C.R.S. 1963, 13-5-30(3)[2] (hereinafter referred to as the "Implied Consent Law") and that the Implied Consent Law, as well as principles of due process, require the police to advise the defendant of his rights under the law and to give the defendant an opportunity to take a blood alcohol test.

The county court dismissed the D.U.I. charge, and on appeal, the district court affirmed, holding that the provisions of the Implied Consent Law are mandatory. We granted certiorari and herein reverse the ruling and judgment of the district court.

The record reveals that Culp was arrested in the early morning hours of June 29, 1973 and was taken to the Fort Collins Police Department. The police officer read the defendant his *Miranda* rights, and according to the uncontradicted testimony at the motion hearing below, the defendant became belligerent and excited. The officer, with the help of an assistant, had to physically subdue the defendant and carry him to a cell. The officer testified that because of the defendant's conduct, it was determined not to attempt to give him a chemical test, and therefore, no advisement of the provisions of the Implied Consent Law was made.

---

[1]Now section 42-4-1202(1)(a), C.R.S. 1973.
[2]Now section 42-4-1202(3), C.R.S. 1973.

The defendant's statutory claim that the police must advise him of his rights under the Implied Consent Law arises from the following language in 1971 Perm. Supp., C.R.S. 1963, 13-5-30(3):

"(a) Any person who drives any motor vehicle upon a public highway in this state shall be deemed to have given his consent to a chemical test of his breath, blood, or urine for the purpose of determining the alcoholic content of his blood, if arrested for any misdemeanor offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of, or impaired by, alcohol. . . .

"(b) The test or tests shall be administered at the direction of the arresting officer having reasonable grounds to believe the person to have been driving a motor vehicle while under the influence of, or impaired by, alcohol. . . ."

We find nothing in this section which requires that a person must be given an opportunity to take a chemical test before he can be charged with D.U.I. In fact, the legislature specifically provided in 1969 Perm. Supp., C.R.S. 1963, 13-5-30(2)(e) [3] that:

"The limitations of this subsection (2) shall not be construed as limiting the introduction, reception, or consideration of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor. . ."

We believe this language negates the defendant's claim that he must be advised of the existence of the Implied Consent Law. *Ewing v. State*, Miss., 300 So.2d 916 (1974). Incidentally, the rights the defendant speaks of are his right to refuse to take the test and his right to know the consequences thereof.

The Implied Consent Law provides the state with an easily administered, reliable method of proving intoxication in a D.U.I. case and also provides for a simple administrative remedy for revoking the driver's license of an arrested person who refuses to submit to a test. 1971 Perm. Supp., C.R.S. 1963, 13-5-30(3)(e). Obviously, if the test is not offered, the state is deprived of its statutory presumptions of intoxication upon evidence that the blood alcohol content was greater than 0.10 percent and of its simple administrative remedy for revoking a driver's license upon a refusal to take a test. However, this does not mean that the state has to offer a chemical test but only that the state must prove intoxication by other methods as specifically provided for in 13-5-30(2)(e). Chemical tests are neither necessary nor required to prove intoxication. *E.g., State v. Reyna,* 92 Idaho 669, 448 P.2d 762; *People v. Bies,* 2 Ill.App.3d 1001, 276 N.E.2d 364 (1971); *Ewing v. State, supra.*

We also hold that due process principles do not require the state to offer a chemical test to the defendant. *State v. Reyna, supra; City of Kettering v. Baker,* 40 Ohio App.2d 566, 321 N.E.2d 618 (1974). We

---

[3] Now section 42-4-1202(2)(d), C.R.S. 1973.

quote from *Reyna, supra,* and adopt the Idaho Supreme Court's disposition of this argument:

". . . the right to due process of law does not include the right to be given a blood test in all circumstances. To hold otherwise would be to transform the accused's right to due process into a power to compel the State to gather in the accused's behalf what might be exculpatory evidence. In this case, the State produced testimonial evidence of intoxication, but it had no obligation to obtain for appellant what he speculates might have been more scientific evidence of sobriety. The State may not suppress evidence, but it need not gather evidence for the accused." 92 Idaho at 674, 488 P.2d at 767.

Other jurisdictions, with similar implied consent laws, have, insofar as our research has revealed, unanimously found their statutes to be merely permissive and not mandatory. *State v. Reyna, supra; State v. Barry,* 183 Kan. 792, 332 P.2d 549; *Ewing v. State, supra; City of Kettering v. Baker, supra; Hammer v. Town of Jackson,* Wyo., 524 P.2d 884; *See, People v. Alford,* 8 Mich.App. 211, 154 N.W.2d 48 (1967).

We reverse the judgment of the district court and remand the case with directions that the county court reinstate the charge of D.U.I.

MR. JUSTICE HODGES and MR. JUSTICE LEE do not participate.