Robert Lee DAVIS, Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellee.

No. 80SA78.

Supreme Court of Colorado, En Banc.

Feb. 17, 1981.

William R. Dowhan, Aurora, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., Denver, for defendant-appellee.

QUINN, Justice.

Robert Lee Davis (appellant) appeals a judgment of the district court affirming an order of the Department of Revenue (department) revoking his driver's license for three months due to his failure to submit to a chemical sobriety test under section 42–4–1202(3), C.R.S. 1973 & 1979 Supp. He claims that the evidence at the departmental hearing was insufficient to establish the statutory prerequisites for revocation and that the order of revocation violates due process of law and equal protection of the laws. We affirm.

On June 17, 1978, a Colorado state patrolman saw an automobile weaving between lanes and otherwise being operated in an erratic manner on Colorado Highway 34 east of Fort Morgan. The patrolman stopped the vehicle and observed that the appellant, who was the driver, swayed somewhat in his walk and had an odor of alcoholic beverage on his breath. He directed the appellant to the patrol vehicle, checked his license and registration, and then conducted a roadside sobriety test. Believing the appellant was driving under

the influence, section 42–4–1202(1)(a), C.R.S. 1973, the patrolman advised him of his *Miranda* rights,[1] and also advised him orally and in writing of his rights and responsibilities under the implied consent law, section 42–4–1202(3), C.R.S. 1973 & 1979 Supp.,[2] and requested a chemical sobriety test. The appellant stated that he would submit to a urine test only. The lack of any local facility for the chemical testing of urine made that test unavailable and the patrolman so advised the appellant. The officer, not once but several times, explained to the appellant that he (appellant) had the right to insist on a blood test but, if he refused a blood test, the officer had the option of electing either a urine or a breath test; and that if the appellant refused the breath test his license to drive could be revoked for three months. The appellant again stated that he would take a urine test. The patrolman drove the appellant to the sheriff's office and reiterated that a urine test could not be administered. The appellant repeated his willingness to submit to a urine test. While the patrolman at the sheriff's office was preparing a report and a summons and complaint for driving under the influence, the appellant stated that he had not refused and would submit to a test. The patrolman interpreted this remark as a

repetition of the appellant's prior request for a urine test. At no time did the appellant express any willingness to take a blood or breath test.

After having been duly served with notice of a revocation hearing pursuant to section 42–4–1202(3)(e), C.R.S. 1973 (1979 Supp.), the appellant appeared with counsel before the department on August 2, 1978.[3] The hearing officer found by a preponderance of evidence that the patrolman had reasonable grounds to request the chemical sobriety test, that he fully advised appellant of his rights under the implied consent law and of the consequences of refusing a chemical test, that the appellant did refuse to submit to a chemical test, and that the refusal was unjustified. The department revoked the appellant's license to drive for three months. Section 42–4–1202(3)(e), C.R.S. 1973 (1979 Supp.). In a proceeding for judicial review the district court concluded that there was sufficient evidence to support the factual determinations of the department and rejected the appellant's constitutional challenges to the order of revocation.

The appellant asserts three grounds for reversal on this appeal: (1) the advisement

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The record does not indicate whether the *Miranda* advisement took place before or after the implied consent advisement.

2. Section 42–4–1202, C.R.S. 1973, provides in pertinent part as follows:

   "(3)(a) Any person who drives any motor vehicle upon a public highway in this state shall be deemed to have given his consent to a chemical test of his breath, blood, or urine for the purpose of determining the alcoholic content of his blood, if arrested for any misdemeanor offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of, or impaired by, alcohol. If such person requests that the said chemical test be a blood test, then the test shall be of his blood; but, if such person requests that a specimen of his blood not be drawn, then a specimen of his breath or urine shall be obtained and tested, the election to be made by the arresting officer.

   \*　\*　\*　\*　\*　\*

   "(c) If any person who has been so arrested refuses to submit to a chemical test when requested by the arresting officer, as provided in this subsection (3), the test shall not be given.

   Subsection 3(e) of 42–4–1202, C.R.S. 1973 (1979 Supp.), contains the procedures for an administrative hearing to determine whether, when the licensee has refused to submit to a chemical test, the officer had reasonable cause to believe the driver was driving while under the influence of, or impaired by, alcohol, and the refusal to submit to the test was justified on medical grounds.

3. Pursuant to section 42–4–1202(3)(e), C.R.S. 1973 (1979 Supp.), the patrolman filed a sworn report that he had reasonable grounds to believe the appellant had been driving while under the influence of alcohol or while his ability was impaired, and that the appellant refused to submit to the chemical test upon the patrolman's request. The department thereafter served the appellant with a notice to appear and show cause why his license should not be revoked.

of rights was so confusing to him as to render the department's order of revocation arbitrary and capricious; (2) section 42–4–1202(3)(e), C.R.S. 1973 (1979 Supp.), violates equal protection of the laws because the initiation of the revocation proceeding lies solely in the discretion of law enforcement officers; and (3) the revocation of his license violated due process of law because there are no departmental rules or regulations establishing standards for the hearing officer's decision to enter orders of revocation. We reject each one of these claims.

I.

The appellant initially argues that the advisement of rights under the implied consent law, coupled with the traditional *Miranda* advisement, was sufficiently confusing to him as to invalidate the order of revocation as arbitrary or capricious agency action. Before a reviewing court sets aside an order of revocation as arbitrary or capricious, it must be convinced from the record as a whole that there is a manifest insufficiency of evidence to support the department's decision. *E. g., Noe v. Dolan,* 197 Colo. 32, 589 P.2d 483 (1979); *Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978). We are unable to make that conclusion in this case.

In determining that the appellant refused to submit to a chemical test, the hearing officer properly focused on "the driver's words and other manifestations of willingness or unwillingness to take the test." *Dolan v. Rust,* 195 Colo. at 175, 576 P.2d at 562. By statute, the appellant had the right to refuse a blood test. Section 42–4–1202(3)(a), C.R.S. 1973. However, he had no right to require the administration of a breath or urine test, *People v. Culp,* 189 Colo. 76, 537 P.2d 746 (1975), and could not refuse the patrolman's request for a breath test without jeopardizing his license. By statute, the choice between a breath or urine test was the officer's to make. Section 42–4–1202(3)(a), C.R.S. 1973. This message was clearly conveyed to the appel-

lant both orally and in writing and was followed up with repeated explanations of the consequences of refusal. The appellant's alleged confusion between his *Miranda* rights and the implied consent advisement nowhere appears in his testimony. In fact, the appellant admitted to the hearing officer that upon his arrival at the sheriff's office he fully understood his rights and the consequences of refusal.

The appellant's statement at the sheriff's office that he would submit to a test does not impair the validity of the department's order of revocation. The hearing officer found that this statement was reasonably interpreted by the patrolman as a repetition of the appellant's prior willingness to take a urine test only—a test known by the appellant to be unavailable. The evaluation of the appellant's testimony and the weight to be given it were matters within the fact finding prerogative of the departmental hearing officer. We cannot conclude that the department's findings of fact and order of revocation constitute "an abuse or clearly unwarranted exercise of discretion" or "are unsupported by substantial evidence when the record is considered as a whole." Section 24–4–106(7), C.R.S. 1973.

II.

Relying on *People v. Vinnola,* 177 Colo. 405, 494 P.2d 826 (1972), the appellant asserts that section 42–4–1202(3)(e), C.R.S. 1973 (1979 Supp.), violates equal protection of the laws, *U.S.Const.* Amend. XIV; *Colo. Const.* Art. II, Sec. 25,[4] by unconstitutionally delegating to law enforcement officers the unfettered discretion to initiate a revocation proceeding for refusal to consent to a chemical test. This argument lacks merit.

The appellant's reliance on *People v. Vinnola, supra,* is misplaced for several reasons. First, *Vinnola* dealt with delegation of authority to determine criminal responsibility to third party-private persons or corporations, as distinguished from governmental officers. Next, as we noted in *Norsworthy v. Department of Revenue,* 197

4. The right to equal protection of the laws is incorporated in the due process clause of the

Colorado Constitution. *See, e. g., Heninger v. Charnes,* Colo., 613 P.2d 884 (1980).

Colo. 527, 594 P.2d 1055 (1979), the enforcement of the implied consent law is not a criminal prosecution but, rather, is a civil administrative proceeding triggered by the licensee's refusal to submit to a chemical test. "It is the refusal which creates the liability, not the decision of the arresting officer to submit a report." *Id.* at 529, 594 P.2d at 1057. Third, the order of revocation cannot be entered unless there is a determination that the arresting officer's actions satisfy the statutory standards of section 42–4–1202(3)(e).[5] Finally, the revocation order itself is subject to judicial review under section 42–4–1202(3)(f), C.R.S. 1973. Not only does the statutory scheme militate against a standardless discretion in enforcement, but also the record here is devoid of that type of unfettered discretion claimed by the appellant.

### III.

The appellant's final argument is that the order of revocation violates due process of law, *U.S.Const.* Amend. XIV; *Colo.Const.* Art. II, Sec. 25, because there are no departmental rules or regulations for guiding the hearing officer in determining whether a basis for revocation has been established. Although the appellant relies on *Elizondo v. Department of Revenue*, 194 Colo. 113, 570 P.2d 518 (1977), as controlling authority, that case offers no support for his claim.

*Elizondo* dealt with the department's statutory discretion to issue a probationary license upon an order of suspension pursuant to section 42–2–123(11), C.R.S. 1973. We held that due process of law requires the department to promulgate rules or regulations to guide hearing officers in their discretionary decisions regarding requests for probationary licenses. In the case of a

revocation under the implied consent statute, however, there is no statutory discretion in the hearing officer to authorize dispositional alternatives upon a determination of a driver's unjustified refusal to submit to a chemical test. *E. g., Charnes v. Kiser*, Colo., 617 P.2d 1201 (1980); *Heninger v. Charnes*, Colo., 613 P.2d 884 (1980). When such a determination is made, the statutory standard is uniform, unambiguous, and virtually self-executing in its intendment.

Section 42–4–1202(3)(e), C.R.S. 1973 (1979 Supp.), requires the department to "forthwith revoke said person's license to operate a motor vehicle . . . ." Here the findings of fact by the hearing officer precluded the exercise of any discretion in connection with the disposition of this matter. Administrative rules or regulations guiding the exercise of administrative discretion serve no purpose where the administrative agency has no discretion to exercise.

The judgment is affirmed.

---

5. Section 42–4–1202(3)(e), C.R.S. 1973 (1979 Supp.), provides:

"At such hearing, it shall first be determined whether the officer had reasonable grounds to believe that the said person was driving a motor vehicle while under the influence of, or impaired by, alcohol. If reasonable grounds are not established by a preponderance of the evidence, the hearing shall terminate, and no further action shall be taken. If reasonable grounds are established and said person is unable to submit evidence that his physical condition was such that, according to competent medical advice, such test would have been inadvisable or that the administration of the test would not have been in conformity with the rules and regulations of the state board of health or in conformity with the provisions of this section . . . the department shall forthwith revoke said person's license to operate a motor vehicle . . . ."