The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Donald Lee KITTRELL, Defendant–Appellant.

No. 87CA1095.

Colorado Court of Appeals, Div. V.

Aug. 17, 1989.

Rehearing Denied Sept. 21, 1989.

Certiorari Denied Jan. 29, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, and Thomas R. Williamson and Katherine Campbell, Deputy State Public Defenders, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Donald Lee Kittrell, appeals a judgment entered upon a jury verdict finding him guilty of murder in the first degree (felony murder) and murder in the second degree. We affirm in part, and remand with directions.

Defendant was charged by information with first degree murder (after deliberation) pursuant to § 18-3-102(1)(a), C.R.S. (1986 Repl.Vol. 8B) and first degree murder (felony murder) pursuant to § 18-3-102(1)(b), C.R.S. (1986 Repl.Vol. 8B) for the 1986 multiple stabbing death of a man. This murder occurred after the victim allegedly had solicited defendant for sex. The record reflects that defendant, who admitted stabbing the victim, stole the victim's wallet and keys and was later seen driving the victim's car.

## I.

Defendant contends that the trial court erred by failing to instruct the jury adequately about the law of felony murder. We disagree.

The jury was instructed on both first degree murder after deliberation and first degree felony murder, as well as robbery, the offense underlying the felony murder charge. The instruction setting out the elements of felony murder included among those elements that the defendant:

"(4) committed robbery, and

(5) in the course of or in the furtherance of robbery, or in the immediate flight therefrom,

(6) the death of a person, other than one of the participants, is caused by anyone."

Prior to deliberations, the defendant tendered two jury instructions to the trial court. The first of these read, in pertinent part:

"Donald Kittrell contends that the homicidal act against [the victim] was committed before anything was taken from him."

The second stated:

"In order to find the Defendant guilty of Murder in the First Degree as defined in [the felony murder instruction], you must find that the Defendant was committing or attempting to commit the crime of Robbery at the time he caused the death of [the victim]."

The trial court refused the second of these instructions, but accepted and gave to the jury a modified version of defendant's first instruction which, as modified, read:

"Donald Kittrell contends that the homicidal act against [the victim] was committed before the intent to take anything was formed."

Defendant asserts that a conviction for felony murder required proof of an intent to commit the underlying felony either prior to, or concomitant with, the killing of the victim. The People do not take issue with this proposition. We conclude that there was no error in the court's instructions.

Defendant's tendered instructions did not contain the language which defendant now asserts was erroneously omitted. Further, the court gave a modified version of his first tendered instruction and, as is discussed below, the second was an incorrect statement of the law.

The court correctly instructed the jury on the elements of robbery. *See COLJI–Crim.* No. 15:01. The court's felony murder instruction essentially follows *COLJI–Crim.* No. 9:02 (1983) and the language of § 18–3–102(1)(b), C.R.S. (1986 Repl.Vol. 8B). *See People v. Scheer,* 184 Colo. 15, 518 P.2d 833 (1974). In our view, the instructions as a whole clearly informed the jury of the applicable law. *See People v. Freeman,* 739 P.2d 856 (Colo.App.1987).

▪ The purpose of the felony murder statute is to hold a participating robber accountable for a nonparticipant's death, even though unintended, as long as death is caused by an act committed in the course of or in furtherance of the robbery or in the course of immediate flight therefrom. *People v. Raymer,* 662 P.2d 1066 (Colo. 1983). The prosecution still has to prove the homicide and all elements of the underlying felony beyond a reasonable doubt. *People v. Morgan,* 637 P.2d 338 (Colo. 1981). Hence, we conclude that the court did not commit error in its instructions.

## II.

▪ We reject defendant's contention that the court erred in failing to accept the second tendered instruction quoted above, since the instruction did not completely and correctly reflect the law of felony murder.

A person commits felony murder if:

"Acting either alone or with one or more persons, he commits or attempts to . . . commit . . . robbery . . . and, in the course of or in furtherance of the crime that he is committing or attempting to commit, or of immediate flight therefrom, the death of a person, other than one of the participants, is caused by anyone."

Section 18–3–102(1)(b), C.R.S. (1986 Repl. Vol. 8B).

Hence, by its plain language, § 18–3–102(1)(b) is not so limited as to allow conviction only if there is a finding that the defendant was committing or attempting to commit the crime at the time he caused the death. A death caused in the *furtherance* of a robbery or a death caused

in the *immediate flight* from a robbery falls squarely within the edict of § 18–3–102(1)(b). *See People v. Morgan, supra; Whitman v. People,* 161 Colo. 110, 420 P.2d 416 (1966) (felony murder occurred when the defendant's get-away car collided with that of the victim).

### III.

Defendant contends that the trial court erred in failing to respond adequately to an inquiry from the jury. We disagree.

During its deliberations, the jury sent the following inquiry to the court:

"We would like clarification on the felony murder charge. One dissenting member needs to know if murder must be committed in response to or because of robbery—rather than before."

In response to this inquiry, defense counsel requested only that the court submit to the jury one of defendant's tendered instructions, noted above. The trial court denied defendant's request and instructed the bailiff to "tell the jurors to read the instructions carefully because all the information they're requesting is in the instructions."

Defendant argues that the jury was never informed that he could not be found guilty of felony murder if his decision and intent to rob the victim had been formed after the killing and that, although he tendered an instruction relating to this principle, it was refused by the trial court. Defendant also asserts that although the jurors were informed that he contended that the homicidal act was committed before the intent to take anything was formed, they were never instructed that this fact would constitute a defense. We reject these arguments.

■ We recognize that when a deliberating jury affirmatively indicates to the trial court that it does not understand an element of the offense charged or some other matter of law central to the guilt or innocence of the accused, the court is obligated to clarify the matter for the jury in a concrete and unambiguous manner. *Leonardo v. People,* 728 P.2d 1252 (Colo.1986).

Moreover, a jury should be referred back to instructions only when it is apparent that the jury has overlooked some portion of the instructions or when the instructions clearly answer the inquiry. *See Leonardo v. People, supra* (referring jury to same instruction that caused it difficulty served no useful purpose).

■ We distinguish *Leonardo* because there, the trial court had offered no definition of a term relating to the elements of the offense. Here, however, the court's instruction defining the elements of felony murder and robbery adequately answered the jury's question and the jury had been instructed previously to read the instructions as a whole.

Further, unlike *Leonardo,* counsel was consulted and defendant's only proposed clarification was to request the trial court to submit a previously tendered and refused instruction. The court had already submitted a modified version of defendant's first instruction. Thus, a useful purpose was served by the court's response since the instructions clearly answered the jury's inquiry.

We conclude the court responded adequately to the jury's inquiry.

### IV.

During voir dire, the trial court made a statement to the effect that the death penalty would not be sought against defendant. Defendant contends that such statement mandates reversal. We disagree.

■ Because counsel for the defendant failed to object to this statement at trial, the inquiry on appeal is limited to whether or not the statement amounted to plain error. *People v. Valdez,* 725 P.2d 29 (Colo.App.1986). The proper inquiry in determining whether a claimed error amounts to plain error or instead may be considered harmless is whether the error substantially affected the verdict or affected the fairness of trial proceedings. *People v. Romero,* 694 P.2d 1256 (Colo.1985). We conclude that the statement did not substantially influence the verdict or affect the fairness of the trial proceeding and that, thus, the

court's statement did not amount to reversible error. *See People v. Hickam,* 684 P.2d 228 (Colo.1984), (similar statement by prosecutor not reversible error where jury was provided with curative instruction).

### V.

Finally, defendant asserts that if his felony murder conviction is affirmed, his second degree murder conviction must be vacated. We agree.

■ Defendant may not be convicted of both first degree felony murder and second degree murder. *People v. Hickam, supra.* We reject the People's request that an amended mittimus reflect that the defendant was convicted of second degree murder by the jury. We read *People v. Hickam* to require vacation of that conviction, and that the mittimus must not reflect the conviction.

The judgment of conviction and sentence for first degree felony murder are affirmed. The cause is remanded to the trial court with instructions to vacate the second degree murder conviction and sentence and to issue an amended judgment and mittimus accordingly.

SMITH, J., concurs.

JONES, J., dissents.

Judge JONES dissenting:

I respectfully dissent to Part III of the majority opinion. I agree with defendant that the trial court erred in failing to respond adequately to the inquiry from the jury concerning the felony murder count.

When a deliberating jury affirmatively indicates to the trial judge that it does not understand an element of the offense charged or some other matter of law central to the guilt or innocence of the accused, the judge is obligated to clarify the matter for the jury in a concrete and unambiguous manner. *Leonardo v. People,* 728 P.2d 1252 (Colo.1986).

Colorado has adopted *ABA Standards for Criminal Justice,* Standard 15–4.3(a) (2d ed. 1980) as a guide for determining when a trial judge is to give additional instructions in response to an inquiry from a jury. Standard 15–4.3(a) provides:

"If the jury, after retiring for deliberation, desires to be informed on any point of law, they shall be conducted to the courtroom. The court shall give appropriate additional instructions in response to the jury's request unless:

"(i) the jury may be adequately informed by directing their attention to some portion of the original instruction;

"(ii) the request concerned matters not in evidence, or questions which did not pertain to the law of the case; or

"(iii) the request would call upon the judge to express an opinion upon factual matters that the jury should determine."

*See also Leonardo v. People, supra.*

A jury should be referred back to the original instructions only when it is apparent that the jury has overlooked some portion of the instructions or when the instructions clearly answer the inquiry. "Referring the jury back to the same instruction that created the doubt in their minds could serve no useful purpose." *Leonardo v. People, supra.*

Here, the jury did not overlook the relevant instructions; it simply failed to understand them. Moreover, even if the instructions had clearly answered the inquiry, the trial court still was obligated to direct the jury's attention *to that part of the original instructions* which would clarify the issue at hand. ABA Standards for Criminal Justice, Standard 15–4.3(a)(i) (2d ed. 1980). The court failed to do so. It failed to respond to the inquiry with adequate specificity to comport with the Standard's requirement that the court direct the jury's attention "to some portion of the original instruction."

In essence, the court gave the jury no guidance at all. This failure to respond adequately to the jury's inquiry was prejudicial error, *Leonardo v. People, supra,* and requires reversal.