The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James Allen BRAXTON, Defendant–Appellant.

No. 88CA1765.

Colorado Court of Appeals, Div. A.

Nov. 8, 1990.

As Modified on Denial of Rehearing Dec. 6, 1990.*

Certiorari Denied April 8, 1991.

_____

* ROTHENBERG, J., would Grant People's Petition as to Part IV of the opinion.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

The defendant, James Allen Braxton, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree murder, first degree felony-murder, aggravated robbery, and determining he was subject to mandatory sentence for violent crime. We affirm.

## I.

The principal issue on appeal concerns defendant's assertion that the trial court erred in denying his motion for nontestimonial identification pursuant to Crim.P. 41.-1(g). We find no error.

The defendant sought an order for nontestimonial identification procedures to be

conducted on a third party whom he advanced as an alternate suspect to the charges against him. His motion was supported by an affidavit which asserted that the third party had had recent altercations with the victim, had given inconsistent stories when questioned, and had been in the company of the victim on the day of the murder. The defendant also asserted that a pair of men's shoes, which were not the victim's, were recovered from the victim's home, and that they were considerably smaller than the size worn by the defendant. Finally, defendant pointed to evidence of a hair found under the victim's fingernails which could be that of the third party.

During a hearing on the motion, the prosecutor stated that the third party had been investigated to some extent with regard to the crime. He then conceded that the third party had a possible motive and an opportunity to commit the crime. However, he took no position on whether the motion should be granted.

■ Believing that it did not have the authority to grant the motion, the trial court denied it. In doing so, the trial court ruled that Crim.P. 41.1(g) applies only to obtaining nontestimonial identification from the defendant himself. We agree.

Crim.P. 41.1(g) provides:

"A person arrested for or charged with an offense may request a judge to order a nontestimonial identification procedure. If it appears that the results of specific nontestimonial identification procedures will be of material aid in determining whether the defendant committed the offense, the judge shall order the state to conduct such identification procedure *involving the defendant* under such terms and conditions as the judge shall prescribe." (emphasis added)

There is a dearth of authority on this question. The issue has been ruled on in *State v. Messier*, 146 Vt. 145, 499 A.2d 32 (1985), in which the Vermont Supreme Court interpreted a similar rule containing the phrase "involving the defendant" in its nontestimonial identification rule. There, as here, the defendant sought a nontestimonial identification order for procedures to be conducted on a third party. In approving the denial of the motion by the trial court, the Vermont Supreme Court held that:

"by its language [the rule] applies only to procedures involving a defendant himself, not to non-party witnesses. The purpose of this rule is to allow the suspect an opportunity to initiate the procedures on his own, should it be in his best interests and the State has failed to do so, or if he desires some tests in addition to those provided by the State."

We agree with this interpretation. The phrase "involving the defendant" is clear and unambiguous. By its own terms it limits the scope of Crim.P. 41.1(g) to nontestimonial identification procedures on the defendant himself. We decline to adopt a strained interpretation to make it applicable to nontestimonial identification procedures on a third party.

The defendant argues that, even if Crim.P. 41.1(g) is limited to tests "on" a defendant, the denial of the motion, nevertheless, impinged upon his constitutional rights. This contention finds some support in dictum in *State v. Messier, supra*, in which, after holding the rule to be limited to tests on the defendant, the court stated:

"That is not to say that there could never be any compelling circumstances under which the granting of such a request might be *constitutionally required*. We simply hold that no such circumstances were present here." (emphasis added)

While it is true that the constitutional rights of the defendant must be considered, in our view, Crim.P. 41.1(g) is not the means by which to protect those rights. Rather, it is the constitution itself which affords the defendant such protection. More specifically, it is the due process

clause which provides the type of protection contemplated here. "The very idea of due process of law includes a meaningful opportunity for a criminally accused to challenge assertedly unconstitutional evidence before it may be used against him to prove guilt or enhance punishment in a pending prosecution." *People v. Germany*, 674 P.2d 345 (Colo.1983).

■ However, absent a showing of official actions in bad faith, defendant has no constitutional right to require the state to investigate or gather potentially exculpatory evidence on his behalf. *People v. Roark*, 643 P.2d 756 (Colo.1982). " 'The State may not suppress evidence, but it need not gather evidence for the accused.' " *People v. Culp*, 189 Colo. 76, 537 P.2d 746 (1975). *See also People v. Moore*, 701 P.2d 1249 (Colo.App.1985).

Here, the defendant has not shown that the police acted in bad faith. Nor has he shown prejudice as a result of any alleged deficiencies in the investigation.

Therefore, we hold that the defendant's due process rights were not violated by the trial court's denial of his motion for nontestimonial identification.

II.

Defendant asserts that there exists insufficient evidence to support his conviction for first degree felony murder and that, therefore, his motion for judgment of acquittal should have been granted. We disagree.

Under § 18–3–102(1)(b), C.R.S. (1986 Repl.Vol. 8B), felony murder occurs if:

"Acting either alone or with one or more persons, he commits ... robbery ... and, in the course of or in furtherance of the crime that he is committing or attempting to commit, or of immediate flight therefrom, the death of a person, other than one of the participants, is caused by anyone."

The defendant was charged with, and the jury found, that he had committed aggra-vated robbery. Evidence was presented that items from the victim's home were found in pillowcases on the floor near the body.

The defendant argues on appeal that this shows "[a]t the least, an attempted robbery occurred," but that "the record is barren of any evidence showing any connection whatsoever" between the death and the robbery. He further asserts that such evidence equally supports a theory that the robbery was staged by the assailant after he had committed the homicide, and that this would not support a felony murder conviction.

■ The felony murder statute does not require a finding that the defendant was committing the predicate felony at the time he caused a death. *See People v. Kittrell*, 786 P.2d 467 (Colo.App.1989) (felony murder conviction upheld where defendant stabbed victim and then stole victim's wallet and car). Therefore, we hold, as a matter of law, that the sequence of events is irrelevant as long as sufficient evidence is produced to show that a felony was committed by the defendant and that a death occurred during the commission of that felony.

■ On a motion for judgment of acquittal, the relevant evidence must be viewed as a whole and in the light most favorable to the prosecution. The test is whether such evidence, "both direct and circumstantial, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty beyond a reasonable doubt". *People v. Gonzales*, 666 P.2d 123 (Colo.1983).

■ The record indicates that substantial and sufficient evidence was presented from which a reasonable jury could conclude that a robbery occurred in connection with the death of the victim. Further, the jury was properly instructed on the elements of that crime. Thus, there was sufficient evidence to support a felony murder conviction.

III.

Defendant next asserts that the trial court erred in denying his motion to sup-

press certain statements he made to police officers. We disagree.

While two detectives were investigating the homicide, they observed the defendant, apparently drunk, in a bar. They did not speak with him at that time. After the detectives had left the bar, another police officer, acting independently, escorted the defendant from the bar.

The detectives saw this and walked over to the defendant. Then, without advising him of his *Miranda* rights, the detectives asked him if he knew the victim ·or had heard anything about the homicide. The defendant was not a suspect at that time and answered both questions in the negative.

While this conversation took place, the independent officer performed a radio check. As a result, the defendant was arrested on a traffic warrant.

At trial, the defendant moved to suppress the statements he made to the detectives. The court denied the motion finding that he was not in custody at the time he made them.

Whether one is in custody is a "factual determination to be made by the trial court." *People v. Johnson,* 671 P.2d 958 (Colo.1983). A trial court's finding will not be overturned on appeal so long as it is supported by competent evidence in the record. *People v. Cleburn,* 782 P.2d 784 (Colo.1989).

 Here, the defendant was temporarily detained by an officer acting independent of the detectives, for reasons wholly unrelated to the homicide investigation. At the time of the questioning he was not a suspect. He was questioned as part of a general investigation of the citizens in the area of the homicide. General questioning of citizens as part of the investigative process does not necessarily imply custodial interrogation. *People v. Milhollin,* 751 P.2d 43 (Colo.1988).

Therefore, there was competent evidence in the record to support the trial court's finding that the defendant was not subjected to custodial interrogation. We perceive no abuse of discretion in denying the defendant's motion to suppress these statements.

### IV.

The defendant next asserts that his conviction must be overturned because the trial court informed prospective jurors that the state was not seeking the death penalty. We do not agree.

Because counsel made no objection at trial, the inquiry on appeal is limited to whether the statement amounted to plain error, that is, whether it substantially affected the verdict or fairness of the trial proceedings. *People v. Kittrell, supra.* Although we agree with the defendant that the trial court's statement was "improper," *People v. Hickam,* 684 P.2d 228 (Colo. 1984), because it did not substantially influence the verdict or fairness of the trial proceeding, it did not amount to reversible error. *People v. Kittrell, supra. But see* § 16–10–110, C.R.S. (1990 Cum.Supp.), effective July 1, 1989.

The other contentions of error are without merit.

The judgment is affirmed.

NEY and ROTHENBERG, JJ., concur.