The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

David Densley ANDREWS, Defendant-Appellant.

No. 84CA1009.

Colorado Court of Appeals, Div. III.

May 29, 1986.

Rehearing Denied July 3, 1986.

Certiorari Denied (Andrews) Dec. 8, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, David Densley Andrews, appeals the judgment of conviction entered upon a jury verdict finding him guilty of manslaughter. As grounds for reversal, he asserts that the trial court improperly admitted evidence of a prior consistent statement to bolster a prosecution witness' direct testimony. We affirm.

On the night of August 20, 1983, Steve Watson, the victim, and Doris Rorex, his girlfriend, visited the home of the defendant and his wife Irma Andrews. During a game of dominoes, a fight broke out, and defendant fatally stabbed Watson. Defendant was subsequently charged with second degree murder.

The central issue at trial was the credibility of the two eyewitnesses and of defendant. Defendant and his wife Irma testified that the victim, who was drunk at the time, became belligerent and attacked defendant, who acted in self-defense.

The prosecution's main witness was Doris Rorex. On direct examination, she gave a detailed account of the events of the evening and, in substance, indicated that defendant had provoked the fight which led to the victim's death.

On cross-examination, defense counsel challenged much of Rorex' description of the events surrounding the crime. In addition, he impeached her direct testimony with specific references to inconsistencies between her testimony at the preliminary hearing and her statement to the police after the incident. This impeachment included the following exchange concerning her statement to a police officer:

Defense counsel: "And on page 4 in this statement, didn't you say, 'While he,'

and that means David Andrews, 'was swinging the knife, I was pulling on David's shirt from the back, trying to pull him away.' Isn't that what was written?"

Rorex: "That's what was written, but that's not the way it happened.... See, when I told the police what happened that night, he wrote down in his own words what I had said and then when he let me read it over, I just kind of glanced at it. I was so tired and I just wanted to be left alone, so I went ahead and signed it."

On redirect, the prosecution introduced a portion of Rorex' preliminary hearing testimony. Over defense counsel's objection, the trial court allowed Rorex to read an excerpt from this testimony which was consistent with her testimony on direct examination at trial. Defendant contends this was error. We disagree.

■ Generally, a witness' out-of-court statements cannot be used to bolster his trial testimony. *Connor v. People*, 18 Colo. 373, 33 P. 159 (1893). However, a prior consistent statement may be admitted for the purpose of rehabilitation after a witness has been impeached by a prior inconsistent statement. *People v. Delguidice*, 199 Colo. 41, 606 P.2d 840 (1979).

CRE 801(d)(1)(B) allows a prior consistent statement to be admitted as substantive non-hearsay evidence as well as for the purpose of rehabilitation if:

"The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive...."

■ Defense counsel's general attack on Rorex' trial testimony and his impeachment of her with prior inconsistent statements implied recent fabrication. Rorex testified at trial and was subject to cross-examination concerning the statement. Accordingly, Rorex's prior consistent statement was

properly admitted since it constituted both substantive evidence under CRE 801(d)(1)(B) and proper rehabilitation evidence. *People v. Delguidice, supra.*

However, defendant raises the additional argument that because Rorex's preliminary hearing testimony was given after her statement to the police, it should not be admissible. We disagree.

■ We note that the plain language of CRE 801(d)(1)(B) does not limit use of consistent statements only to those made prior to the inconsistent statement. In *People v. Koon*, 724 P.2d 1367 (Colo.App. 1986), we held that the rule encompasses statements made both before and after the time of the alleged impropriety or the time when the supposed motive to falsify arose. Various federal circuits have applied the identically worded federal rule, and have held that the consistent statements need not be made prior to the inconsistent statements. *United States v. Sampol*, 636 F.2d 621 (D.C.Cir.1980); *United States v. Rios*, 611 F.2d 1335 (10th Cir.1979), *cert denied*, 452 U.S. 918, 101 S.Ct. 3054, 69 L.Ed.2d 422 (1981); *Hanger v. United States*, 398 F.2d 91 (8th Cir.1968), *cert denied*, 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969). The reasoning of those cases is best exemplified in *Hanger v. United States, supra*, where the court observed:

"[W]e think that in the situation where a key witness admittedly changes his story or his recital of important relevant events and admits that his former statements in regard to the proceedings in question were a fabrication, that he should be allowed to not only testify as to what he now swears is a true recital of events, but to also testify as to the reasons for his fabrication and the reasons why he decided to change his story; and all of the incidents and factors that shed light upon his credibility, both pro and con, are admitted, subject to the court's discretion, and left to the jury for its evaluation and determination."

■ We adopt that rationale, and hold that, subject to the rules of evidence, if the credibility of a witness is at issue, the jury

should have access to all the relevant facts, including consistent and inconsistent statements and the reasons for possible fabrication. *See People v. Koon, supra;* Quinn, *Hearsay in Criminal Cases Under the Colorado Rules of Evidence: An Overview,* 50 U.Colo.L.Rev. 277 (1979). *See also People v. Small,* 631 P.2d 148 (Colo. 1981). The testimony here was critical to credibility, the central issue in the case. The trial court correctly allowed the witness to testify not only to her prior consistent statement given at the preliminary hearing, but also to the reasons for the inconsistencies between that testimony and her statement given to the police at the scene.

Accordingly, the judgment is affirmed.

VAN CISE and KELLY, JJ., concur.