Carlton A. Fisher, J.
This is a habeas' corpus proceeding in which the petitioner-relator maintains that he is unlawfully held in jail and deprived of his liberty by the respondent Sheriff.
The respondent in his return to the writ of habeas corpus attaches as a part thereof a photostatic copy of indictment No. 27,958-A in which the petitioner and five codefendants named therein are charged in the first three counts with the crime of burglary in the first degree committed on December 31, 1958, contrary to sections 400 and 402 of the Penal Law and in counts *309 fourth to seventh inclusive with the crime of attempted robbery in the first degree, committed on December 31, 1958, contrary to sections 2, 260, 2120 and 2124 of the Penal Law. The first three counts of the indictment specifically relate to the dwelling house and building of George Simon, while the remaining counts charging attempted robbery in the first degree relate to the same George Simon.
The petitioner maintains that his imprisonment is illegal in that the charges in the indictment would subject him to double jeopardy in violation of Amendments V and XIV of the United States Constitution, of section 6 of article I of the New York Constitution, of section 9 of the Code of Criminal Procedure and of section 1938 of the Penal Law. In this connection the petitioner alleges that on January 13, 1959, he was indicted for the crime of murder in the first degree; that the charge consisted of willfully, feloniously and with malice aforethought shooting and wounding one George A. Simon who died from the wounds; that he was duly brought to trial on June 1,1959, in Erie County Court before Judge Btjrice I. Burke and a jury; that the case was submitted to the jury as a felony murder on the theory that he was engaged at the time of the wounding of George A. Simon in the commission of burglary in the first degree and attempted robbery in the first degree, and that he was acquitted of the charges in the indictment.
The first degree murder indictment charged the petitioner and his codefendants, who were acquitted with him of ‘ ‘ murder in the first degree, contrary to the Penal Law, Sections 2, 1041, 1043, 1044 and 1045 in that they, the said Charles Barone, Vincent Santangelo, Vincent Zagarrigo, Daniel DiLape, Mario Gugino and Vincent A. Ciffa, and each of them on or about the 31st day of December, 1958, at the City of Buffalo, in this County, wilfully, feloniously and of their malice aforethought shot George A. Simon, thereby inflicting divers wounds upon the said George A. Simon, and thereafter and on the 5th day of January 1959, at the said City of Buffalo, in said County of Erie, the said George A. Simon did die of the said wounds.”
Under the form of the indictment in this case, above quoted, felony murder is provable as well as common-law murder, for section 1044 of the Penal Law alleged therein to have been violated provides in part: e 1 The killing of a human being, unless it is excusable or justifiable, is murder in the first degree, when committed:
“ 1. From a deliberate and premeditated design to effect the death of the person killed, or of another; or
*310 “ 2. By an act imminently dangerous to others, and evincing a depraved mind, regardless of human life, although without a premeditated design to effect the death of any individual; or without a design to effect death, by a person engaged in the commission of, or in an attempt to commit a felony, either upon or affecting the person killed or otherwise; or
The cases of the petitioner and his codefendants were submitted to the jury on both the theories of murder in the first degree at common law and murder in the first degree as a felony murder. The court charged the jury: “ From the evidence introduced during this trial, it appears that the underlying-felony for consideration in this case is burglary in the first degree or attempted robbery in the first degree. I propose to read to you the Penal sections alleged in the indictment and the sections pertaining to burglary and robbery as above noted.” The court then read section 2 of the Penal Law defining a principal in the commission of a crime and an attempt to commit a crime. After discussing the sections of the Penal Law relating to homicide, the court proceeded to discuss the sections relating to the crime of burglary in the first degree and then discussed the sections relating- to robbery and robbery in the first degree and an attempt to commit a crime. The court further charged:
“ With reference to the felony murder aspect of this case, the questions are: was there an independent felony, Burglary in the first degree or Attempted Bobbery in the first degree, being committed by these defendants, or any of them, on the morning of December 31, 1958? Was the shot which struck Mr. Simon fired by one of the defendants during the commission of such felony or attempted felony? Did the death follow because of the gunshot wound? ”
The question here, in brief, is whether the petitioner may be prosecuted for crimes claimed to have been the underlying-felonies in his prosecution for involuntary murder in the first degree under subdivision 2 of section 1044 of the Penal Law after his acquittal of the latter crime when the underlying felonies were not included crimes.
The more precise question is the construction of the pertinent constitutional and statutory provisions and the decisions thereunder. The New York Constitution in section 6 of article I, provides that “ No person shall be subject to be twice put in jeopardy for the same offense ”. The Code of Criminal Procedure provides in section 9 that “ No person can be subjected to a second prosecution for a crime for which he has once been *311 prosecuted, and duly convicted or acquitted.” The application of the provisions of the Fifth Amendment that no person shall “ be subject for the same offense to be twice put in jeopardy of life or limb ” under the due process clause of the Fourteenth Amendment to the United States Constitution has such a limited effect on the procedure in a State court (Hoag v. New Jersey, 356 U. S. 464, 467-468) that it need not be discussed specifically here. Moreover, the language in the Fifth Amendment is practically the same as that contained in the New York Constitution above quoted. A further statute must be considered, that is, section 1938 of the Penal Law which provides that: “An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision.” It has been held that the provisions of section 1938 embody the constitutional prohibition against double jeopardy and may afford broader protection than the constitutional prohibition (People v. Snyder, 241 N. Y. 81, 83; People v. Repola, 280 App. Div. 735, 739-740, affd. 305 N. Y. 740).
To determine whether the petitioner is being subject to double jeopardy for “ the same offense ” (N. Y. Const., art. I, § 6) or is being subjected to a second prosecution “ for a crime ” for which he has once been prosecuted and convicted or acquitted (Code Crim. Pro., § 9) or whether he has been convicted or acquitted of “ the same act or omission” with which he is charged in the present indictment (Penal Law, § 1938), it is necessary to consider the part the underlying felony plays in a prosecution for a felony murder under subdivision 2 of section 1044 of the Penal Law, for no New York decision has been found by the court decisive of the question presented here. No briefs or decisions have been submitted on this novel question by the attorneys for either party.
The decisions hold that in a felony murder case an underlying felony such as burglary or robbery is a substantively and genetically separate and disconnected offense and that such felony must be so distinct from that of the homicide as not to be an ingredient of the homicide, indictable therewith or convictable thereunder (People v. Nichols, 230 N. Y. 221, 226; People v. Lytton, 257 N. Y. 310, 314-315; People v. Huter, 184 N. Y. 237, 244; Buel v. People, 18 Hun 487, 493, affd. 78 N. Y. 492). These cases hold that an essential to a conviction for murder is malice and a felonious intent. Proof of such malice *312 and willful and felonious conduct is satisfied in a felony murder case by showing that the homicide occurred while the defendant was engaged in the commission of another independent felony (People v. Nichols, supra, p. 226; People v. Lytton, supra, p. 315).
In People v. Nichols (supra) a felony murder case, the defendant maintained that the trial court erred in refusing to charge the jury that the defendant could be convicted of burglary or robbery. The indictment there as here did not specifically charge any underlying felony. The court in rejecting the defendant’s contention stated that neither of the crimes was included in homicide. The court (Hiscock, Ch. J.) further stated at pages 225-226:
“ It was not included therein at all in the sense in which defendant argues. The crimes of murder and burglary are substantively and genetically entirely separate and disconnected offenses. In fact, this court has said: ‘ In order, therefore, to constitute murder in the first degree by the unintentional killing of another while engaged in the commission of a felony, we think that while the violence may constitute a part of the homicide, yet the other elements constituting the felony in which he is engaged must be so distinct from that of the homicide as not to be an ingredient of the homicide, indictable therewith or convictable thereunder.’ (People v. Huter, 184 N. Y. 237, 244.)
‘ ‘ The purpose of proving participation in the commission of another felony which leads up to and results in the homicide is entirely different than the one suggested by the defendant. There can be no murder without evidence of malice and of a felonious intent and a depraved mind. The indictment was sufficient in form when it simply accused defendant of having killed the deceased 1 willfully, feloniously and with malice aforethought.’ (People v. Giblin, 115 N. Y. 196, 198; People v. Schermerhorn, 203 N. Y. 57, 72.) On the trial it was necessary to prove such malice and willful and felonious conduct and this necessity was satisfied in accordance with the provision of the statute by showing that the homicide occurred while the defendant was engaged in the commission of another felony. (People v. Conroy, 97 N. Y. 62, 68, 69; People v. Giblin, 115 N. Y. 196.) ”
In People v. Lytton (257 N. Y. 310, 314-315, supra) a felony murder case, Cabdozo, Ch. J., writing for the court, said: ‘ ‘ Homicide, we said, is not murder ‘ without evidence of malice and of a felonious intent and a depraved mind ’ (People v. Nichols, supra, at p. 226). The malice or the state of mind may be proved by showing that the act was done with a deliberate and premeditated design to kill. The case will then fall under sub *313 division 1 (§ 1044). It may be proved by showing that the act was done by one then and there engaged in the commission of another felony (People v. Enoch, 13 Wend. 159,174; People v. Nichols, supra). The case will then fall under subdivision 2. In the one case as in the other a single crime is charged, the independent felony like the deliberate and premeditated intent being established solely for the purpose of characterising the degree of the crime so charged, the evil mind or purpose inherent in the killing (People v. Enoch, supra,). If there could be any doubt about this, the form of the indictment would be sufficient to dispel it. The rule is settled that there is no need to charge in an indictment that the homicide was wrought in the commission of another felony. It suffices to state in the common-law form that the defendant acted ‘ willfully, feloniously and with malice aforethought' (People v. Nichols, supra; People v. Giblin, 115 N. Y. 196, 198; People v. Osmond, 138 N. Y. 80). This would never do if the independent felony were conceived of as changing the identity of the crime instead of merely characterizing the degree of culpability to be imputed to the killer.” (Emphasis supplied.)
In Clements, Comments, Cases and Text on Criminal Cases and Procedure, the author cites (p. 87) among other cases, People v. Nichols (230 N. Y. 221, supra) as authority for the following statement: “Ina criminal homicide which is declared to be of a higher grade or degree because the killing occurred while the accused was engaged in the commission of another crime or offense, such other crime or offense is not necessarily included in the homicide, so as to constitute a bar to conviction for such other crime or offense, if acquitted of the homicide.”
Though in a felony murder case, all of the ingredients of the underlying felony must be proved (People v. Marendi, 213 N. Y. 600, 611), the defendant in such a homicide case could not, as above shown, be convicted of an independent underlying felony. The petitioner, since he could not upon the prior trial be convicted of the felonies charged in the present indictment, has not been placed in jeopardy as to such felonies and the State is not precluded from prosecuting the petitioner for these crimes. These felonies were not required to be charged or mentioned in the first degree murder indictment and they were not as noted charged or mentioned therein. Obviously, the defendant-petitioner could not be tried for crimes not charged in the indictment. Clearly the double jeopardy prohibition in section 6 of article I of the New York Constitution has no application here. For the same reason, the trial of the petitioner under the *314 present indictment for the felonies will not be a “ prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted ” (Code Crim. Pro., § 9) for the defendant-petitioner has been tried only for the crime of murder in the first degree. The same reasons hold true as to section 1938 of the Penal Law which provides that a criminal act or omission prohibited under more than one provision of law may not be punished under more than one provision of law, and that “a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision.” The petitioner was not acquitted of the felonies charged in the present indictment. He was, as above stated, acquitted only of the crime of murder in the first degree charged in that indictment.
In People ex rel. Maurer v. Jackson (2 N Y 2d 259) the court said at page 264: “ It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction * * # [cases cited]. It is also not open to dispute that if there were merely a single inseparable act violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single punishment ”. (Court’s emphasis.) In the instant case, separate and distinct acts were involved in the felony murder trial though the indictment charged only murder in the first degree. The proof of the crimes of burglary in the first degree and of attempted robbery in the first degree from which criminal intent could be inferred did not make these crimes an element of the crime of murder in the first degree. They were independent crimes complete in themselves. Proof of these crimes, at most, was only evidence of the inferred criminal intent and not the element of criminal intention itself for under the definition of felony murder, no actual intent to commit that crime is present (Penal Law, § 1044, subds. 1, 2). Proof of the commission of an underlying felony in a felony murder case is a condition of the murder charge conviction but is not an element of that crime. If it were an element of the felony murder, the elements of such a crime would be as various as the underlying felonies might be.
The law was summarized in People v. Skarczewski (178 Misc. 160, affd. 287 N. Y. 826), where it was stated by the court below (p. 162): “ It is well settled that a conviction or acquittal upon one charge is no bar to a subsequent conviction and sentence upon another, unless it appears that the offense was the same *315 in law and in fact as the one of which the defendant had either been acquitted or convicted. The fact that both charges relate to and grow out of one transaction makes no difference.” In People ex rel. Kammerer v. Brophy (255 App. Div. 821, affd. 280 N. Y. 618), the courts held that there was no double jeopardy when the relator was first convicted of practicing law without a license under an information in which he was charged with demanding $265 from one Speckman and later convicted under an indictment for grand larceny in the second degree as a second felony offender in which he was charged with obtaining the $265 from Speckman by false representations that he was an attorney and would represent him.
The case of People v. Repola (280 App. Div. 735, affd. 305 N. Y. 740) is clearly distinguishable from the instant case. Repola was convicted, and the court held properly so, of two crimes, the selling of a narcotic drug and the possession of the same drug. The courts, however, held that he could be sentenced only for the unlawful selling of the drug, the more serious of the offenses. The court said at page 739: “ The test on the question of separate sentences is whether the two crimes are factually part of a single act or transaction, not whether a -single act or transaction offends against two statutes.” The underlying felonies in the instant case and the crime of murder in the first degree were not part of a single act or transaction for the underlying felonies could have been committed without the commission of the crime of murder.
In People ex rel. Poster v. Jackson (278 App. Div. 734, affd. 303 N. Y. 680) the defendant pleaded guilty to the charges in the indictment, one of incest and the other of sodomy. The courts upheld the consecutive sentences against the relator’s claim that such sentences violated section 1938 of the Penal Law ‘ ‘ in that his plea of guilty rendered his conviction one for a single criminal act made differently punishable by different provisions of the law. ” The Appellate Division stated: u We do not agree. The aforesaid offenses constitute different crimes, the commission of which require separate and different criminal acts. Their gravamen is different in law and fact. Their nature and definition is such that they cannot merge in a single offense ”. A different rule was held to apply in People v. Oliver (4 A D 2d 28, affd. on other grounds 3 N Y 2d 684) when as the court stated “ the assault was an essential ingredient of the crime of burglary in the first degree, as pleaded and proven in this case, and accordingly was not separately punishable ” (p. 33).
*316 In State v. Moore (326 Mo. 1199) the court held that the crime of robbery which the defendant was committing at the time he shot and killed the victim was not merged in the crime of murder to which he pleaded guilty and for which he was sentenced to life imprisonment. The court held that the defendant who had been paroled could be prosecuted for the crime of robbery and said: “ Murder and robbery are not and cannot be the same offense. * * * Distinct and separate offenses are not to be held merged because they happen to grow out of the same transaction” (pp. 1204-1205). The court referred to the ease of State v. Mowser (92 N. J. L. 474) and said: “ That case is seemingly predicated on the postulate that the occurrence out of which the offenses issued was one inseparable transaction. This may be called the ‘ same transaction rule. ’ Missouri, according to our decisions, prefers to follow the separate or several-offense rule, and we have held that an offender is not to be exonerated from responsibility for his acts because his desires or passions persuade or impel him to commit two or more offenses during a transaction or occasion ”.
Another case of interest is State v. Thatcher (108 Utah 63) in which the court held that the defendant could be prosecuted for involuntary manslaughter for the killing of two pedestrians on a highway after having been convicted of speeding. The court said (p. 71): “ That prosecution involved the same act of speeding which is charged in this information.” The court referred to a Utah statute which is substantially the same as section 1938 of our Penal Law and said (pp. 71-72): “it is evident that it was intended to bar the second action only if the act as a whole charged therein was the same as in the first. On the other hand, where the act as a whole was not the same in both actions, it was not contemplated to bar the use of some element in the second action because it was also an element in the first prosecution. The section uses the term ‘ an act or omission ’ which is punishable by different provisions of the code, thus indicating that the 6 act or omission ’ contemplated all the elements of an entire offense, rather than merely one or a portion of the elements thereof. It also provides that ‘ an acquittal or conviction and sentence ’ under one section of the Code ‘ bars a prosecution for the same act or omission under any other.? A prosecution is for the entire offense and not for the separate elements thereof. If a prosecution is barred, it bars the entire action and not merely the use of certain elements thereof. So our question is whether as a whole the acts charged in the two actions are the same.” The court concluded that they were not *317 the same, stating: ‘1 While the running into the deceased may have been caused by the speeding charged in the first prosecution, still taken as a whole, the acts charged in the two actions are distinctly different, and therefore the conviction and sentence in the first does not bar the second prosecution ” (p. 73).
The court is not unaware that the New Jersey Superior Court and the Appellate Division of that court in the case of State v. Greely (30 N. J. Super. 180, affd. 31 N. J. Super. 542) held that the defendant who had been acquitted of the crime of a felony murder in the first degree could not thereafter be tried for robbery, the underlying felony. The courts there reasoned that if the defendant had been convicted on the murder charge he would of necessity have been convicted of robbery. For the reasons already stated this conclusion is not accepted.
The writ of habeas corpus herein is dismissed.
Submit order.