**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Cycle Lee TYLER, Defendant-Appellant.**

**No. 86CA0004.**

Colorado Court of Appeals, Division II.

May 28, 1987.

Rehearing Denied June 18, 1987.

Certiorari Denied (Tyler) Oct. 13, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

The defendant, Cycle Lee Tyler, appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree sexual assault. The defendant asserts the trial court committed reversible error by admitting testimony of prior consistent statements by the victim. We affirm.

The victim testified at trial that she was driving home from a bar when she lost control of her car and it rolled into a field. She left her car and began hitchhiking to obtain a ride home. A car with the defendant and three other men stopped and offered her a ride. They told her they would take her home after they ran an errand. They stopped at a house and invited her in stating it was cold and they would be only a few minutes. After a few minutes in the house, the defendant and two of the others backed the victim into a bedroom and sexually assaulted her.

The defendant's theory of defense was that the victim had consented to the sexual intercourse. This made the victim's credibility a central issue. On cross-examination of the victim, the defendant impeached her testimony with prior inconsistent statements she had made. The victim admitted she had lied to the police about the circumstances that led her to accepting the ride. The defendant also impeached her regarding some details of the assault itself.

In his case-in-chief, the defendant called the first officer to contact the victim after the incident. During direct examination, defendant questioned the officer regarding his police report and an inconsistent statement by the victim about who assaulted her first. On cross-examination, the prosecutor went through the statements the victim had made to the officer which were consistent with her trial testimony.

The defendant asserts the trial court committed reversible error by admitting the prior consistent statements since they were hearsay and not within an exception. The People maintain the statements were admissible as substantive evidence pursuant to CRE 801(d)(1)(B).

▮ Under CRE 801(d)(1)(B) a statement is not hearsay as long as 1) the declarant testifies at trial and is subject to cross-examination concerning the statement, 2) the statement is consistent with her trial testimony, and 3) the statement is offered to rebut an expressed or implied charge against her of recent fabrication or improper influence or motive. *People v. Koon*, 724 P.2d 1367 (Colo.App.1986).

▮ The defendant contends the final element is missing in this case since he did not assert recent fabrication or improper influence or motive by the victim. Rather, he maintains his examination of the victim called into question her ability to perceive and recollect the events at issue because of her consumption of alcohol that night. We disagree.

While some of the defendant's questions did go to the victim's ability to recall and perceive, the defendant's theory of defense was consent by the victim. The record reveals he made use of the victim's admitted lies and other inconsistent statements to imply that she had fabricated the assault story. Since the impeaching evidence can be reasonably construed as an imputation of a plan or contrivance to give false testimony, we conclude the foundational elements of CRE 801(d)(1)(B) are satisfied. Quinn, *Hearsay in Criminal Cases Under the Colorado Rules of Evidence: An Overview*, 50 U.Colo.L.Rev. 277 (1979). *See People v. Andrews*, 729 P.2d 997 (Colo.App. 1986).

The defendant also contends that when prior consistent statements are justified by a charge of recent fabrication, the consistent statements must directly relate to the alleged fabrication or prior inconsistent statement. He maintains the trial court erred by failing to limit admission of consistent statements to the rebuttal of prior inconsistent statements.

The determination of how much of a prior consistent statement is admissible is based on its relevancy and probative value. *People v. DelGuidice*, 199 Colo. 41, 606 P.2d 840 (1979); *People v. Koon, supra.* If the impeachment or fabrication goes to specific facts, then only consistent statements regarding those specific facts are relevant and admissible. *People v. DelGuidice, supra.*

However, here, the defendant's defense of consent and impeachment of the victim implied she had fabricated or contrived the assault story. The impeachment was general and not limited to specific facts only. Therefore, the consistent statements in the police report detailing her story were relevant and probative. If the credibility of a witness is at issue, the jury should have access to all the relevant facts, including consistent and inconsistent statements. *People v. Andrews, supra.*

We recognize that the admissibility of this type of evidence reflects a change in Colorado law. Prior to enactment of CRE 801(d)(1)(B), the details of the victim's complaint were inadmissible. *People v. Montague*, 181 Colo. 143, 508 P.2d 388 (1973). Only the fact the victim made a prompt complaint could be admitted to corroborate the victim's testimony. *Padilla v. People*, 156 Colo. 186, 397 P.2d 741 (1964). However, "[b]y virtue of [CRE] 801(d)(1)(B) evidence by the defense which imputes to the 'victim recent fabrication or improper influence or motive' would clearly justify the prosecution's offer of the victim's statement describing the details of the offense as substantive evidence of the crime." Quinn, *supra. See People v. Graham*, 678 P.2d 1043 (Colo.App.1983).

We conclude the trial court did not abuse its discretion by admitting the statements.

Judgment affirmed.

SMITH and KELLY, JJ., concur.