The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

William D. **PIPKIN**, Defendant–Appellant.

No. 86CA1868.

Colorado Court of Appeals, Div. III.

May 26, 1988.

Rehearing Denied June 23, 1988.

Certiorari Denied Oct. 11, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Benjamin I. Sachs, Hope McGowan, Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, William D. Pipkin, appeals the judgment of conviction entered on a jury verdict of one count of unauthorized use of a financial transaction device. The prosecution was based on evidence that defendant was observed using the lost or stolen credit card of another without permission. We affirm.

The principal contention of error is that the notice requirements of the statute under which the prosecution was based had not been proved. Defendant argues that it was necessary to prove that he had been given notice in person or in writing that use of the credit card by him was not authorized. We do not agree.

The statute, § 18–5–702, C.R.S. (1986 Repl. Vol. 8B), provides:

"(1) A person commits unauthorized use of a financial transaction device if he uses such device for the purpose of obtaining cash, credit, property, or services or for making financial payment, with intent to defraud, *and* with *notice* that either:

"(a) The financial transactions device has expired, has been revoked, or has been cancelled; or

"(b) For any reason his use of the financial transaction device is unauthorized either by the issuer thereof or by the account holder.

"(2) For purposes of paragraphs (a) and (b) of subsection (1) of this section, *'notice' includes either notice given in person or notice given in writing to the account holder.* The sending of a notice in writing by registered or certified mail, return receipt requested, duly stamped and addressed to such account holder at his last address known to the issuer, evidenced by a signed returned receipt signed by the account holder, is prima facie evidence that the notice was received." (emphasis added)

Statutory words and phrases should be interpreted according to their plain and ordinary meaning. *People v. District Court,* 713 P.2d 918 (Colo.1986). Also, the term "includes," as it is commonly understood, operates to extend rather than limit the meaning of "notice" in § 18–5–702(2). *See Lyman v. Town of Bow Mar,* 188 Colo. 216, 533 P.2d 1129 (1975).

■ We hold, therefore, that the statutory requirement that notice be given in person or in writing applies to the account holder or to one in possession of the card with permission of the account holder and not to one using an allegedly lost or stolen card. To hold otherwise would require a construction of the statute resulting in absurd consequences, *see* § 2–4–203(1), C.R.S., because the purpose of notice is to impart information or knowledge to its recipient.

The evidence adduced at trial was sufficient to support an inference that defendant was not authorized to use the credit card; thus, the proof on this element of the crime was sufficient to support the verdict.

Because of our conclusion on this issue, we also find no merit in defendant's contention that the court erred in not instructing the jury on the definition of the term "notice" as being limited to notice given in person or in writing.

■ The defendant also contends that his right to a fair trial was denied by the prosecuting attorney's comments during closing argument regarding the credibility of certain defense witnesses. In view of the prosecution's clarification of the comments, as well as the overall context in which the comments were made, we find no impropriety warranting reversal. *See People v. Constant,* 645 P.2d 843 (Colo.1982).

Judgment affirmed.

METZGER and HUME, JJ., concur.