The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Matthew DRIGGERS,
Defendant–Appellant.

No. 89CA0426.

Colorado Court of Appeals,
Div. I.

Jan. 17, 1991.

Rehearing Denied Feb. 21, 1991.

Certiorari Denied July 9, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Karen Chilton Beverly, Sp. Deputy State Public Defender, Colorado Springs, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Matthew Driggers, appeals from judgments of conviction entered on jury verdicts finding him guilty of the charges of second degree murder, first degree felony murder, and aggravated robbery, all of which involved a single victim. We affirm in part, reverse in part, and remand with directions.

## I.

Defendant contends that he is entitled to relief from his conviction of two murder counts for a single victim. We agree.

In sequence, the jury returned guilty verdicts of second degree murder (a lesser-included offense to murder by deliberation), first degree felony murder, and aggravated robbery. Judgments of conviction for both second degree murder and first degree felony murder may not be entered when there is but a single victim. *People v. Hickam*, 684 P.2d 228 (Colo.1984); *People v. Kittrell*, 786 P.2d 467 (Colo.App.1989). Therefore, one of the murder convictions must be vacated.

## II.

Additionally, defendant may not be convicted of felony murder and aggravated robbery when aggravated robbery constitutes the underlying offense upon which the felony murder conviction is predicated. Section 18–1–408(1)(a), C.R.S. (1986 Repl. Vol. 8B); *People v. Bartowsheski*, 661 P.2d 235 (Colo.1983); *People v. Raymer*, 626 P.2d 705 (Colo.App.1980), *aff'd*, 662 P.2d 1066 (Colo.1983).

## III.

However, we reject defendant's contention that his conviction on the felony murder charge is the one that should be vacated.

■ Defendant urges us to adopt the "first-in-time" rule applied by Texas state courts and, accordingly, to affirm the conviction for second degree murder. *See McIntire v. State,* 698 S.W.2d 652 (Tex. Crim.App.1985); *Ex parte Easley,* 490 S.W.2d 570 (Tex.Crim.App.1972). He contends that because the jury verdict form first listed second degree murder as the crime of which he was found guilty, double jeopardy attached barring the conviction of first degree felony murder of the same victim.

Our supreme court has not decided whether, when multiple charges are contained in a single indictment or information, and multiple convictions are impermissibly entered for the murder of a single victim, the constitutional prohibition against double jeopardy requires imposition of punishment only for that offense of which the defendant was first found guilty. However, we conclude that the proscription against double jeopardy does not require the imposition of the "first-in-time" rule as remedial safeguard.

Rather, the better-reasoned remedy, when a defendant is convicted of both a greater and lesser offense, is that the conviction of the lesser offense should be vacated and the conviction of the greater offense should be affirmed. *See People v. Jankowski,* 408 Mich. 79, 289 N.W.2d 674 (1980); *People v. Davis,* 122 Mich.App. 597, 333 N.W.2d 99 (1983).

This remedy "protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *People v. Lowe,* 660 P.2d 1261 (Colo.1983). Additionally, it gives maximum effect to the jury's resolution of the issues, *See People v. Bartowsheski, supra,* and to the General Assembly's intent to punish severely the crime of felony murder. *See People v. Morgan,* 637 P.2d 338 (1981).

This rule has been implicitly adopted in Colorado. *See People v. O'Neill,* 803 P.2d 164 (Colo.1990); *People v. Saathoff,* 790 P.2d 804 (Colo.1990); *People v. Bartowsheski, supra; People v. Lowe, supra* (When convictions are imposed on multiple first degree murder counts, the convictions imposing the maximum penalties upon the defendant are sustained and the alternate convictions are vacated).

And, it has specifically been followed in situations in which, as here, a defendant has been convicted of first degree felony murder and second degree murder of a single victim. *People v. Hickam, supra; People v. Kittrell, supra; People v. Horton,* 683 P.2d 358 (Colo. app.1984) (Convictions on felony murder sustained while second degree murder convictions vacated).

Accordingly, the judgment of conviction on the second degree murder and aggravated robbery charges must be vacated, and the conviction on first degree felony murder will be affirmed.

## IV.

■ Defendant also contends that felony murder conviction must be reversed because the jury instruction concerning aggravated robbery, the underlying felony, was prejudicial in that it varied from the charge set forth in the information and, thus, denied him notice of the charges. We find no error.

The information charged defendant with commission of one count of aggravated robbery pursuant to § 18–4–302, C.R.S. (1986 Repl.Vol. 8B). It did not specify the subsection with which defendant was charged; however, it set forth the elements of § 18–4–302(1), C.R.S. (1986 Repl.Vol. 3B), and one of the two alternate methods by which crime of aggravated robbery may be committed pursuant to § 18–4–302(1)(b), C.R.S. (1986 Repl.Vol. 3B). Specifically, defendant was charged with "knowingly put[ting the victim] and any other person in reasonable fear of death and bodily injury."

At the close of evidence, the trial court submitted an instruction to the jury compa-

rable to one which had been tendered by defendant. The instruction set forth the alternate means of committing aggravated robbery pursuant to § 18-4-302(1)(b) conjunctively, and instructing the jury to determine defendant's guilt or innocence by establishing whether he "knowingly wounded or struck the person robbed, or any other person, with a deadly weapon." At no time did the prosecution move to amend the information to include comprehensive statutory language.

We conclude that the charge to the jury was not plain error. Crim.P. 52(b). The language of the information tracked § 18-4-302(1)(b) of the aggravated robbery statute. Hence, defendant was put on notice that he was charged with both methods of committing the crime. *People v. Saavedra*, 184 Colo. 90, 518 P.2d 283 (1974).

 Further, simple robbery suffices as the predicate felony for conviction of the crime of felony murder. *People v. Raymer, supra.* Therefore, the jury was not required to find defendant guilty of committing the element of aggravation in order for its guilty verdict as to the offense of felony murder to be sustainable.

Here, the trial court tendered an instruction to the jury which undisputedly defined the crime of simple robbery correctly. The instruction, which included the allegation of aggravation in the conjunctive, specified that conviction for aggravated robbery would be called for if the jury found that defendant had knowingly wounded or struck the victim with a deadly weapon while committing simple robbery. Consequently, the jury was required to find the existence of additional elements than it ordinarily would have had to do to enter a guilty verdict on the felony murder charge. Accordingly, error, if any, in the jury instruction inured to the benefit of the defendant and was harmless. *See Atwood v. People*, 176 Colo. 183, 489 P.2d 1305 (1971).

In addition, the record establishes that defendant approved and submitted a comparable instruction to the court. The doctrine of invited error precludes him from now challenging it as prejudicial error. *See People v. Valdez*, 725 P.2d 29 (Colo.App.1986).

## V.

Defendant argues, and the prosecution concedes, that the judgment of conviction incorrectly states that defendant was convicted of first degree murder after deliberation.

Accordingly, defendant's conviction for first degree felony murder is affirmed. The cause is remanded to the trial court with instructions to: (1) vacate the convictions of second degree murder and aggravated robbery and (2) correct the judgment of conviction by striking defendant's conviction of first degree murder after deliberation.

PIERCE and PLANK, JJ., concur.