**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of J.A.M., Jr., a Child, Juvenile–Appellant.**

**No. 00CA1139.**

Colorado Court of Appeals, Div. III.

Sept. 27, 2001.

Certiorari Denied April 15, 2002.

Ken Salazar, Attorney General, Lauren Edelstein–Park, Assistant Attorney General, Denver, CO, for Petitioner–Appellee.

Diana M. Richett, Lakewood, CO, for Juvenile–Appellant.

Opinion by Judge JONES.

J.A.M., Jr., a juvenile, appeals the trial court's judgment adjudicating him a delinquent based on a finding that he committed acts that would, if committed by an adult, constitute the offense of obstructing a peace officer. We reverse and remand with directions to dismiss the delinquency petition.

Several police officers responded to a domestic disturbance at J.A.M.'s home and placed his mother in custody. As two of the officers were attempting to remove J.A.M.'s mother from the apartment, J.A.M. approached the officers and told them not to hurt his mother. One of the officers shoved J.A.M. away.

J.A.M. fell backwards into the arms of a third police officer. That officer attempted to restrain J.A.M. During the ensuing struggle, J.A.M. scratched the officer's neck.

The People filed a delinquency petition alleging that J.A.M. had committed acts that would, if committed by an adult, constitute the offense of second degree assault. See § 18–3–203(1)(c), C.R.S.2001 ("[a] person commits the crime of assault in the second degree if . . . [w]ith intent to prevent one whom he or she knows, or should know, to be a peace officer or firefighter from performing a lawful duty, he or she intentionally causes bodily injury to any person"). The petition identified the injured police officer as the victim.

J.A.M. waived his right to a jury, and the delinquency trial was conducted before a magistrate. After the court had heard the above evidence and the closing arguments of counsel, the following exchange occurred:

COURT: Are you arguing for a lesser included offense, or is that up to the Court?

DEFENSE COUNSEL: Well, . . . I'm not asking for one.

COURT: Okay.

GUARDIAN AD LITEM: Your honor, my only statement on that part is I wasn't prepared on whether or not I was going to talk [J.A.M.] (inaudible) move forward with it or not. I would have liked to have known ahead of time that there was going to be a lesser included offense if the Court was going to consider as to whether or not to advise him to go to trial or not to advise him to look out for his best interest. There wasn't any jury instruction (inaudible), so nobody was prepared for that, your Honor.

Although the deputy district attorney did not voice an opinion on the issue, the court ruled that it had authority to consider, sua sponte, the lesser included offense of obstructing a peace officer. See § 18–8–104(1)(a), C.R.S.2001 ("[a] person commits obstructing a peace officer . . . when, by using or threatening to use violence, force, physical interference, or an obstacle, such person knowingly obstructs, impairs, or hinders the enforcement of the penal law or the preservation of the peace by a peace officer, acting under color of his or her official authority"). The parties do not dispute that obstructing a peace officer is a lesser included offense of second degree assault. See People v. Stafford, 890 P.2d 244 (Colo.App. 1994) (obstruction of a peace officer under § 18–8–104 is a lesser included offense of second degree assault under § 18–3–

203(1)(c), because all of the elements contained in the definition of obstruction of a peace officer are necessarily established by proof of the elements of second degree assault).

The court found that the evidence was insufficient to prove that J.A.M. had intended to injure the officer, a necessary element of second degree assault. However, the court found that all of the elements of the lesser included offense of obstructing a peace officer had been proven beyond a reasonable doubt and adjudicated J.A.M. delinquent on that basis.

J.A.M. timely petitioned for review in the district court. The district court upheld the magistrate's judgment. This appeal followed.

J.A.M.'s primary contention is that a trial court sitting as the finder of fact may not enter judgment on a lesser included offense where neither the prosecution nor the defense has asked the court to consider the lesser included offense and where the court has not announced its intention to consider such an offense until after the completion of closing arguments. Because we agree that the trial court erred in considering the lesser included offense, we do not consider the issues related to notice of intention to consider the lesser offense.

■ Under appropriate circumstances, either the prosecution or the defense is entitled to have the finder of fact consider a lesser included offense. *See People v. Halstead,* 881 P.2d 401 (Colo.App.1994). However, we are unaware of any Colorado decision, statute, or rule that allows a trial court in a bench trial to consider a lesser included offense where neither party makes such a request.

In *People v. Tow,* 992 P.2d 665 (Colo.App. 1999), the trial court, sitting as the finder of fact, asked the parties whether it should consider an uncharged lesser included offense. The prosecutor urged the court to do so, and the court then found the defendant guilty of the lesser included offense. On appeal, a division of this court concluded that the lesser included offense was "properly" before the court because the prosecutor had requested that the court consider it. In addition, the division concluded that the defendant's constitutional right of closing argument had not been violated, because defense counsel was aware of the request prior to making her closing argument.

■ Here, by contrast, the prosecutor took no position on the issue of whether the court should consider the lesser included offense of obstructing a peace officer. Under these circumstances, we conclude that it was reversible error for the trial court to consider the lesser included offense *sua sponte. See People v. Lybarger,* 700 P.2d 910 (Colo. 1985)(court committed reversible error in ruling on its own motion that affirmative defense was unconstitutional where issue not raised by either party).

We are not persuaded by the People's suggestion that the manner in which the trial court considered the lesser included offense in this case was harmless error. The People argue that J.A.M. was not prejudiced by the lack of notice because J.A.M.'s counsel argued that J.A.M. had not intended to interfere with the officer's ability to do his job. However, our review of the record reveals that J.A.M. made that argument for the incidental purpose of bolstering his primary theory of defense, which was that he had scratched the officer accidentally. If J.A.M. had been aware that the court was also considering the lesser included offense of obstructing a peace officer, then he would have been able to argue, as he now argues on appeal, that he was not "aware that his flailing around was obstructing or hindering [the officer] from enforcing some penal law or preserving the peace." We cannot presume that presentation of such an argument would have had no effect upon the trial court's judgment. *See Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593, (1975)(quotations, citations, and footnotes omitted); *People v. Aalbu,* 696 P.2d 796 (Colo.1985)(trial court's failure *sua sponte* to instruct jury on affirmative defense or on lesser included offense not plain error); Catherine L. Carpenter, *The All–or–Nothing Doctrine in Criminal Cases: Independent Trial Strategy or Gamesmanship Gone Awry?,* 26 Am. J.Crim. L. 257 (1999).

In light of our disposition, we need not address J.A.M.'s remaining contentions.

The judgment is reversed, and the case is remanded with directions to dismiss the delinquency petition.

MARQUEZ and DAILEY, JJ., concur.